IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GERALD PENN, | CV12–18–BU–DLC–CSO |
| Plaintiff, | |
| vs. | ORDER |
| NATIONAL INTERSTATE INSURANCE COMPANY and CINCINNATI INSURANCE COMPANY, | |
| Defendants. | |



FILED

MAR 15 2013

Clerk, U.S. District Court
District Of Montana
Missoula

United States Magistrate Judge Carolyn Ostby issued findings and recommendations to deny Plaintiff Gerald Penn's motion for preliminary ruling and grant Penn's motion to strike Defendants National Interstate Insurance Company and Cincinnati Insurance Company's eighth affirmative defenses of "advice of counsel." (Doc. 47.) Penn timely objected to the findings and recommendations and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The

-1-

portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Ostby's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Plaintiff first objects to Judge Ostby's finding that his motion for a preliminary ruling, or alternatively for a motion in limine, was procedurally deficient. Judge Ostby correctly determined that Plaintiff's Rule 16 motion for a preliminary ruling is not the appropriate method to resolve disputed legal issues. Federal Rule of Civil Procedure 16 does permit courts to simplify issues and eliminate frivolous defenses, but Penn's motion for a ruling that Defendants were negligent *per se* and had no defense of superseding intervening cause reaches beyond the scope of the rule. The authorities cited by Penn are two criminal cases out of Iowa, neither of which was decided pursuant to Rule 16. Judge Ostby accurately determined that Penn's motion for a preliminary ruling under Rule 16 was not procedurally correct. Further, the parties have recently filed motions for summary judgment and motions in limine, which largely moot Penn's motion for a preliminary ruling, and provide the Court with the proper legal procedure for

resolving the issues.

Judge Ostby was also correct in finding that Defendants did not admit to negligence *per se* and therefore could assert the affirmative defense of superseding intervening cause. Because the substance of Penn's arguments rely on this false admission, Penn's claims fail substantively as well. Penn's complaint alleges:

> On November 16, 2007, Gerald Penn, Plaintiff, was riding as a passenger in a Tucker Transportation bus when the driver hit a deer, lost control of the bus, illegally drove into the median, overturned and caused severe injuries to Plaintiff and other passengers. This set of facts clearly proved Tucker Transportation was negligent *per se*, and that Defendants were liable for all damages to Plaintiff resulting from this negligence.

Defendants answers state:

> [National/Cincinnati] admits on November 16, 2007, Plaintiff was riding as a passenger in a Tucker Transportation bus and the driver hit a deer and the bus went out of control, overturned, and caused injuries to Plaintiff and other passengers. [National/Cincinnati] denies the remaining allegations.

Defendants specifically denied that the Tucker Transportation driver illegally drove into the median, and that the facts proved that Defendant Tucker Transportation was negligent *per se*. Also, Defendants asserted the affirmative defense of superseding intervening cause which would eliminate all liability on the part of Defendants if proved. Defendants did not concede or admit to negligence *per se*. Judge Ostby correctly found that the issue of Tucker Transportation's negligence *per se* cannot be determined at this stage of the proceedings without a

-3-

fully-developed record. Because Defendants have not admitted to negligence *per se*, superseding intervening cause remains as a viable affirmative defense.

Judge Ostby also found that Penn's motion to strike Defendants' affirmative defense of advice of counsel should be granted pursuant to Federal Rule of Civil Procedure 12(f). National and Cincinnati conceded that their advice of counsel defense will not, in and of itself, extinguish their liability under the UTPA. All parties agree that the advice of counsel defense is a part of Defendants' affirmative defense of having a "reasonable basis in fact or law for contesting the claim." Thus, Judge Ostby correctly determined that the advice of counsel defense is not a stand-alone affirmative defense, but rather a supporting part of Defendants' reasonable basis affirmative defense. Defendants do not object to this finding and Penn's motion to strike will be granted.

There being no clear error in Judge Ostby's remaining findings and recommendations,

IT IS ORDERED:

1.  Judge Ostby's findings and recommendations (doc. 47) are adopted in full.

2.  Penn's motion for preliminary legal ruling and alternative motion in limine (doc. 25) is DENIED.

3.  Penn's motion to strike Defendants' advice of counsel affirmative defenses

(doc. 36) is GRANTED as set forth herein.

Dated this 15ᵗʰ day of March, 2013.

Dana L. Christensen, District Judge
United States District Court